EL PUEBLO *v.* PEREZ.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 20.—Resuelto en Junio 25, 1904.

APELACIÓN—PLIEGO DE EXCEPCIONES—ACTA DEL JUICIO.—Aunque en la trans- cripción de autos no se hubiere incluído un pliego de excepciones, el Tribunal puede discutir y resolver aquellas excepciones · consignadas en el acta del juicio.

PRUEBA—DENEGACIÓN DE PRUEBAS—NUEVO JUICIO.—Una resolución de la Corte inferior negándose á ordenar la citación de un testigo presencial del hecho imputado al acusado, aunque aparezca que tal testigo es un niño y su capa- cidad para declarar ofrezca algunas dudas, constituye error suficiente á jus- tificar la revocación de la sentencia y la concesión de un nuevo juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ramos (José C.).*

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. FIGUERAS emitió la siguiente opinión del Tribunal:

El presente es un recurso de apelación interpuesto por Dul- cidio Perez Dávila contra sentencia de la Corte de Distrito de Mayagüez que le condena á la pena de un año de presidio con trabajos forzados, en el Departamental de esta Isla, ó multa de quinientos dollars, y las costas procesales.

Dicho Dulcidio Perez fué acusado, en 13 de Setiembre del

año próximo pasado, por el Fiscal del Distrito de Mayagüez, como culpable del delito de seducción (felony), cometido como sigue:

"El citado Dulcidio Perez, allá por el mes de Diciembre del año próximo pasado 1902, y en esta Ciudad, que forma parte de éste Distrito Judicial, sedujo bajo promesa de matrimonio á la joven soltera y hasta entonces reputada por pura, Josefa Guerra y Colón, y tuvo con ella comercio carnal, gozando de su virginidad; este hecho es contrario á la ley para tal caso prevista, y á la paz y dignidad del· Pueblo de Puerto Rico."

El acusado se declaró culpable y se reservó el derecho de solicitar jurado y como no lo ejercitó, en 12 de Abril último se celebró el juicio ante el Tribunal de Derecho de Mayagüez y en ese acto la perjudicada Josefa Guerra y Colon, despues de referirse á sus amores con el acusado, manifestó que bajo la promesa de matrimonio que éste la hiciera, realizó el acto carnal á presencia del niño Juan Santos. Así las cosas, el abogado representante del presunto culpable solicitó del Tribunal que se citase á dicho Santos para hacer uso de él como testigo, contestando el Presidente que el Letrado debía dirigirse al Secretario en la forma que determina la ley que trata de citaciones de testigos, y habiéndolo hecho así el abogado, se declaró sin lugar la petición hecha por el mismo, quien tomó excepción. Así consta del acta. Siguió el juicio, declarando varios testigos de cargo y el acusado confesó sus amores con la Josefa Guerra, pero añadió que despues dejó esas relaciones porque se enamoró de otra jóven, negando en absoluto la realización del acto carnal, y en el curso de los debates, el Letrado, por diferentes negativas del Tribunal, á sus pretensiones, tomó también excepción. Terminadas las pruebas, se suspendió el acto por lo avanzado de la hora, y en 13 de Abril último, día del nuevo señalamiento, solicitó el Fiscal la convicción del acusado, el Letrado de éste interesó su absolución por falta de pruebas, y ántes de dictarse sentencia el acusado manifestó que no tenia causa que impidiese su pronunciamien-

to, por cuya razón en la misma fecha, anteriormente citada, se dictó el fallo por unanimidad condenando al acusado por el delito de seducción á las penas de que se deja hecho mérito.

Contra esa sentencia se interpuso recurso de apelación que se formalizó ante esta Corte Suprema por el abogado Don José C. Ramos á nombre del apelante Dulcidio Perez, solicitando su absolución por ser el veredicto contrario á la prueba practicada y por carecer, lo mismo que la sentencia, de fundamento, y en su defecto, ordenar la celebración de un nuevo juicio, y en apoyo de esta última pretensión, cita, como primera razón, la negativa del Tribunal para que declarase Juan Santos, negativa que en su sentir constituye un error grave de procedimiento, como así lo declaró este Tribunal en el caso del Pueblo de Puerto Rico contra José y Tomás Roman, recurso número 33, y así también se entendió en los casos que cita de la Corte Suprema del Estado de California. Se alegan también otros tres motivos que, como el anterior, fueron también causa de las protestas que en el acto del juicio, ante el Tribunal de Mayagüez, consignó el abogado Don Pascasio Fajardo, que allí representó al acusado.

El Fiscal de esta Corte Suprema, por las razones alegadas en su escrito, entiende que debe anularse la sentencia apelada y ordenarse la celebración de un nuevo juicio. No se ha presentado pliego de excepciones. Pero hay entre las protestas consignadas una de importancia que puede entrañar un verdadero motivo de indefensión para el acusado y es la referente á la negativa de la declaración de Juan Santos, que se cita por la perjudicada como presencial del acto carnal que con ella dice que realizó su amante Dulcidio Perez. Es cierto que en el acta se insinúa que ese Juan Santos es un niño y cabe la duda de si ese niño tiene, por su edad, capacidad bastante para prestar una declaración de la índole de la que se trata, y se acentúan más estas vacilaciones del espíritu cuando en el acta nada se consigna sobre ese extremo que pudo quizás justificar la negativa del Tribunal á que declarase, pero cuando observa-

mos que ese mismo niño refiere los hechos á Narciso Cuevas y á Sebastiana Sanchez, en términos tales que sirvieron quizás para declarar como testigo de cargo en cuanto al hecho del coito, es de presumir en favor del reo que ese niño, así como puede confirmar lo dicho por la joven perjudicada Josefa Guerra y Colón, puede también negar ese hecho importante y variar por completo el criterio que se tenga sobre la culpabilidad del acusado, si es que despues de declarar, el Tribunal acepta en cualquier sentido la capacidad de dicho niño. Prescindámos de los demás motivos alegados, porque su consideración no tiene verdadera finalidad, cuando el reseñado conduce á la reintegración de todos los derechos que pueda tener el recurrente.

En mérito de lo expuesto, y accediendo á lo solicitado por el Fiscal de este Tribunal, que se adhiere, en parte, á lo solicitado por la defensa, somos de opinión que debe anularse la sentencia que dictó la Corte de Mayagüez en 23 de Abril último, debiendo dicha Corte calebrar un nuevo juicio, oyendo la declaración de Juan Santos, ó dictar otra resolución que autorice la ley con las costas del recurso de oficio.

*Rsuelta de conformidad.*

Jueces concurrentes, Sres. Presidente ,Quiñones y Asociados, Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.